IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jeremiah Turner, #340197, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 4:16-813-HMH-TER |
| ) | |
| ) | <u>REPORT AND RECOMMENDATION</u> |
| vs. ) | |
| ) | |
| Robert Stevenson, Warden of Broad ) | |
| River Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Jeremiah Turner ("Petitioner"), a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Petition without prejudice and without issuance and service of process.

**I.     Factual and Procedural Background**

Petitioner is a state prisoner incarcerated in the South Carolina Department of Corrections and housed at the Broad River Road Correctional Institution in Columbia, South Carolina. Petitioner is serving a sentence of Thirty years for First Degree Criminal Sexual Conduct with a Minor and a sentence of Fifteen years for Committing a Lewd Act with a Child Under the Age of Sixteen which were entered in the Court of General Sessions for Charleston County on April 8,

1

2010. (ECF No. 1.)  Petitioner timely noticed his direct appeal on April 12, 2010[1]. Petitioner states that on June 13, 2012, the South Carolina Court of Appeals dismissed his appeal. (ECF No. 1 at 2.) On July 5, 2012, the remittitur was filed. See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2009GS1002432&CaseType=C (Search by Petitioner's name and "Search Public Index")(last visited May 3, 2015) see http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2009GS1002435&CaseType=C (Search by Petitioner's name and "Search Public Index")(last visited May 3, 2015); see Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)(federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

On July 16, 2013, Petitioner filed an application for post-conviction relief ("PCR"). (ECF No. 1 at 3.)  An evidentiary hearing was held on December 10, 2014. (ECF No. 1 at 5.)  By order filed December 15, 2014, the court dismissed the PCR application.[2]  Petitioner indicates that he appealed the dismissal of his PCR application.  (ECF No. 1 at 3.)  The South Carolina Supreme Court dismissed his appeal and the remittitur was filed on March 25, 2016.[3]

---

[1]*See* http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2009GS1002432&Type=C and;
http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2009GS1002435&CaseType=C (search by Petitioner's name and "Search Public Index") (last visited May 3, 2015).

[2] Id. Footnote 1

[3]See http://jcmsweb.charlestonconty.org/PublicIndex/cse Details.aspx?County=10&CourtAgency=10002&Casenum=2013CP1004151&CaseType=V (search by Petitioner's name and "Search Public Index") (last visited May 3, 2015).

On March 10, 2016, Petitioner filed the instant petition for a writ of habeas corpus alleging a claim of ineffective assistance of counsel. (ECF No. 1-1) See Houston v. Lack, 487 U.S. 266, 271 (1988) (*pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).  Upon initial review of the petition, it appeared more likely than not from the face of the petition that this case was untimely.  The record reflects that Petitioner failed to answer question 18 on the Court approved petition form that he used. (ECF No. 1 at 13.)  This question specifically asks any petitioner whose conviction became final over one year before the petition was filed to explain why the petition is not barred under 28 U.S.C. § 2244(d).  Because the petition appeared untimely on its face, Petitioner was given Special Interrogatories to answer to clarify the dates that Petitioner had sought review of his conviction. (ECF No. 11.)  Petitioner's answers to the Court's Special Interrogatories confirmed dates of filing and decisions relative to his use of state court remedies that he had given in the petition.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, a Plaintiff's or Petitioner's  allegations are assumed to be true.  Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal

3

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.    Analysis

#### 1.    Statute of Limitations

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. Lindh v. Murphy, 521 U.S. 320, 336–37 (1997).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is**

>     **pending shall not be counted toward any period of limitation under this subsection.**

28 U.S.C. § 2244(d) (emphasis added).

Here, Petitioner was found guilty, and the trial court sentenced him on April 8, 2010. At that point, Petitioner had ten days within which to file a notice of appeal. Rule 203(b)(2), South Carolina Appellate Court Rules ("SCACR"). Petitioner filed a timely Notice of Appeal. His appeal became final at least by July 5, 2012, the date the remittitur was filed in the office of the Clerk of Court for Charleston County. See Beatty v. Rawski, 97 F.Supp.3d 768, 774 (D.S.C. 2015) ("There can be no question that South Carolina Law states that the final disposition for an appeal does not occur until after the remittitur is filed in the circuit court"), appeal dismissed, No. 15-7256, 2016 WL 769976 (4th Cir. Feb. 29, 2016) Thus, the statute of limitations began to run on the next day, July 6, 2012. Petitioner filed his state PCR application on July 16, 2013. (ECF No. 1 at 2-3.) Between the date on which his convictions became final and the filing of his PCR application, 375 days of untolled time had elapsed. Thus, it is clear on the face of the pleadings that Petitioner allowed his full one-year limitation period to expire before he filed his PCR application and, regardless of any time he spent litigating his PCR application, his March 10, 2016 filing of the petition in this case is untimely.[4] (See ECF No. 1-1- at 1.)

### III.     Conclusion and Recommendation

---

[4] The Court is cognizant that a state prisoner is entitled to equitable tolling of the AEDPA's one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing of the petition. See Holland v. Florida, 560 U.S. 631, 648 (2010). Here, Petitioner has not alleged any facts to suggest he is entitled to invoke equitable tolling.

For the foregoing reasons, the undersigned recommends that the Court dismiss this petition without prejudice and without issuance and service of process because the petition is clearly untimely pursuant to AEDPA, 28 U.S.C. § 2244(d). See Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006).

IT IS SO RECOMMENDED.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 16, 2016
Florence, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).