IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeremiah Turner, #340197, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 4:16-813-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Robert Stevenson, Warden of Broad | ) | |
| River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Jeremiah Turner ("Turner") is a state

prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In his Report and

Recommendation, Magistrate Judge Rogers recommends dismissing Turner's petition without

prejudice and without issuance and service of process.

Turner is currently incarcerated at the Broad River Correctional Institution, a South

Carolina Department of Corrections ("SCDC") facility.  Turner is serving a state court sentence

of thirty years' imprisonment for first degree criminal sexual conduct with a minor and a state

court sentence of fifteen years' imprisonment for committing a lewd act with a child under the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

age of sixteen.  (§ 2254 Petition 1, ECF No. 1.)  His convictions were entered in the Court of

General Sessions for Charleston County, South Carolina, on April 8, 2010.  (Id. at 1, ECF No. 1.)

Turner appealed his conviction and the South Carolina Court of Appeals dismissed his appeal on

June 13, 2012.  (Id. at 2, ECF No. 1.)  The remittitur was filed on July 5, 2012.[2]  (Report &

Recommendation 2, ECF No. 21.)  On July 16, 2013, Turner filed an application for Post-

Conviction Relief ("PCR").  (§ 2254 Petition 3, ECF No. 1.)  A PCR hearing was held, and the

PCR court dismissed Turner's PCR application on December 15, 2014.  (Id., ECF No. 1.)  Turner

appealed the dismissal of his PCR application.  (Id., ECF No. 1.)  The South Carolina Supreme

Court dismissed his appeal and issued a remittitur on March 25, 2016.  (Report &

Recommendation 2, ECF No. 2.)

Turner filed the instant petition for writ of habeas corpus on March 10, 2016, alleging a

claim of ineffective assistance of counsel.[3]  (§ 2254 Petition, ECF No. 1.)  On May 16, 2016,

Magistrate Judge Rogers recommended dismissing Turner's petition without prejudice and

without issuance and service of process.  (Report & Recommendation, generally, ECF No. 21.)

Turner timely filed objections on May 25, 2016.  (Objections, ECF No. 23.)

Objections to the Report and Recommendation must be specific.  Failure to file specific

objections constitutes a waiver of a party's right to further judicial review, including appellate

review, if the recommendation is accepted by the district judge.  See United States v. Schronce,

---

[2] Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

[3] See Houston v. Lack, 487 U.S. 266, 271 (1988).

727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court was able to glean one specific objection.

The magistrate judge found that Turner's § 2254 petition was untimely under 28 U.S.C. § 2244, because more than one year elapsed from the date on which his convictions became final and the filing of his PCR application. (Report & Recommendation 5, ECF No. 21.) Specifically, his conviction became final on July 5, 2012, the date the remittitur was filed. Beatty v. Rawski, 97 F.Supp.3d 768, 774 (D.S.C. 2015) ("[T]here can be no question that South Carolina law states that the final disposition of an appeal does not occur until after the remittitur is filed in the circuit court . . . .") Thus, the statute of limitations began to run on the next day, July 6, 2012. The limitations period for § 2254 petitions is tolled for a filing and review of PCR applications. 28 U.S.C. § 2244 ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") However, Turner did not file his PCR application until July 16, 2013. (§ 2254 Petition 3, ECF No. 1.)

Turner claims that he "mailed off [his] PCR application in June 2013[,] well before the time of [his] limitations elapsed." (Objections, ECF No. 23.) First, in his PCR application, Turner indicates he filed his application on July 16, 2013; further, in his answers to interrogatories, he indicated that this date was correct. (§ 2254 Petition 3, ECF No. 1; Answers to Interrogatories 2, ECF No. 11.) These representations directly contradict his objections. Second, South Carolina law does not incorporate the "prisoner mailbox rule" articulated in

Houston v. Lack, 487 U.S. 266 (1988).  Anderson v. Riley, C/A No. 0:07-607-CMC, 2008 WL

509062, at *1 n.2 (D.S.C. Feb. 21, 2008) (unpublished); Garrette v. Warden Lee Corr. Inst., No.

CIV.A. 4:14-1971-MGL, 2015 WL 1636444, at *4 (D.S.C. Apr. 13, 2015) (unpublished) (noting

South Carolina law does not recognize the mailbox rule for PCR applications); Pelzer v. State,

662 S.E.2d 618, 620 (S.C. Ct. App. 2008) ("Mailing [of a PCR application] does not constitute

filing.") (citing Gary v. State, 557 S.E.2d 662, 663 (S.C. 2001)).  Hence, even if Turner did mail

his PCR application in June 2013, the relevant date for calculation of the limitations period under

§ 2244 is the date the PCR application was received by the Clerk of Court for Charleston County,

South Carolina.  Further, it has been established that July 16, 2013, was the date the Clerk of

Court received Turner's PCR application.  (Report & Recommendation 2, ECF No. 21.)  Thus, it

is clear that Turner allowed his one-year limitations period for filing a § 2254 petition to expire

before he filed his PCR application.  Thus, regardless of any time he spent litigating his PCR

application, his § 2254 petition filed on March 10, 2016, is untimely.

Therefore, after a thorough review of the Report and Recommendation and the record in

this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and

incorporates it herein.

It is therefore

**ORDERED** that Turner's § 2254 petition, docket number 1, is dismissed without prejudice and without issuance and service of process upon Respondents. It is further

**ORDERED** that a certificate of appealability is denied because Turner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 6, 2016

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.